**Law Offices of Nicholas M. Wajda, Esq.**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| OLIVER ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING, LLC,<br><br>　　　　　Defendant. | Case No. 2:20-cv-01888<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Plaintiff, OLIVER ROBINSON, by and through his undersigned counsel, complaining of Defendant, LVNV FUNDING, LLC, as follows:

**NATURE OF THE ACTION**

1.  This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

4.  OLIVER ROBINSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cambridge, Maryland.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. LVNV FUNDING, LLC ("Defendant") is a corporation organized and existing under the laws of the state of Delaware.

7. Defendant maintains a principal place of business at 68001 S. Cimmaron Street, Suite 424-J, Las Vegas, Nevada 89113.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff was approved for a credit card with Synchrony Bank.

10. Over a number of months, Plaintiff used the Synchrony Bank credit card for personal purposes.

11. Due to financial difficulty, Plaintiff was unable to make timely payments to Synchrony Bank and his credit card entered default status ("subject debt").

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

13. The subject debt was eventually placed with Defendant for collection.

14. On September 25, 2020, Defendant mailed Plaintiff a *Dunning* letter in an attempt to collect the subject debt ("Defendant's Letter").

15. Defendant's Letter depicted, in pertinent part, as follows:

**Intentionally Left Blank**



**PMKP**
Peroutka, Miller, Klima & Peters, PA
Mid-Atlantic Law Group

8028 Ritchie Highway, Suite 300
Pasadena, MD 21122
800-899-2424
711 Relay Service
peroutkalaw.com
Licensed Attorneys in Maryland,
Virginia, Delaware and Washington, D.C.

September 25, 2020

Oliver Robinson
1529 Global Cir
Cambridge, MD 21613-3753

Original Creditor: Synchrony Bank
Original Creditor Number: XXXXXXXXXXXX2198
Charge-Off Date: 8/27/18
Principal Balance Due: $4,247.54
Our File Number: 20-41696-0

Dear Oliver Robinson:

Please be advised that LVNV Funding LLC has purchased the account referenced above. The account has been referred to our office for collection. Please forward the full payment for the above listed account to our address.

We are willing to discuss reasonable repayment of this debt. Our office can be reached at 1-800-899-2424.

If you are a debtor in a bankruptcy action or you are represented by counsel for any reason, you should notify us.

Very truly yours,

Peroutka, Miller, Klima & Peters, P.A.
20-41696-0_8239-03_RDI

**IMPORTANT NOTICE**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

16.   Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

18. Specifically, Defendant's Letter identified "Synchrony Bank" as the "Original Creditor" but did not identify the **current creditor.**

19. Defendant's Letter confused Plaintiff as he was unable to determine if the creditor, Synchrony Bank, was also the current creditor.

20. In other words, just because Synchrony Bank was the original creditor does not necessarily mean that it is also the **current creditor.**

21. Defendant's Letter was further confusing because it was sent by a law firm on behalf of a third party debt collector and did not conspicuously identify how the law firm was related to the original creditor, Synchrony Bank, thus further obscuring the identity of the **current creditor.**

## DAMAGES

22. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

23. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, LLC, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

24. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships* LLC, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

4

25. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

26. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

27. Although Defendant's Letter identifies "Synchrony Bank" as the original creditor, Defendant's Letter fails to identify Plaintiff's current creditor.

28. Plaintiff was left unsure as to (and could not deduce from reading Defendant's Letter) what creditor Defendant was attempting to collect for.

29. The confusing and misleading presentation in Defendant's Letter impacted Plaintiff's decision to pay the subject debt.

30. Accordingly, Plaintiff was deprived of his right to receive critical information required by the FDCPA.

31. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

32. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692g**

33. Section 1692g(a) provides:

5

>    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
>    (1)   the amount of the debt;
>
>    (2)   **the name of the creditor to whom the debt is owed**;
>
>    (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>    (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>    (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
>    (emphasis added).

34.   Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the conspicuous identity of the current creditor.

35.   Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

36.   Specifically, Defendant violated §1692g(a)(2) by failing to identify the current creditor to whom the debt is owed.

37.   Assuming that LVNV Funding, LLC, is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

38. As pled above, Plaintiff was confused and misled by Defendant's Letter.

39. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violations of the FDCPA;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: October 9, 2020                                    Respectfully submitted,

**OLIVER ROBINSON**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**Law Offices of Nicholas M. Wajda, Esq.**
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com